*Law Library*

2012 MAR 21 PM 1: 52

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

IN THE MATTER OF JOSEPH P. ROSARIO,)
                                    )
                     Petitioner,   )
                                    )
          v.                        )
                                    )
CIVIL SERVICE COMMISSION,           )
                                    )
                     Respondent.    )
                                    )
          v.                        )
                                    )
GUAM WATERWORKS AUTHORITY,          )
                                    )
                     Real Party in  )
Interest.                           )
                                    )
_____ )

SPECIAL PROCEEDINGS CASE NO.
SP0148-11

**DECISION AND ORDER**

**INTRODUCTION**

This matter came to the attention of the Honorable Arthur R. Barcinas on the Petitioner's newly filed Verified Amended Petition for Judicial Review, which was filed after the Court dismissed the Petitioner's previous civil action regarding the same subject matter on procedural grounds. Attorney Robert P. Kutz represents the Petitioner, Attorney Sophia Diaz represents the Respondent, and Attorney Samuel J. Taylor represents the Real Party in Interest. After conducting a review of the petition and related papers, the Court now issues the following Decision and Order regarding whether judicial review of the particular proceedings held before

the Civil Service Commission (hereinafter, "CSC") is merited, and whether the Petitioner is entitled to any relief sought, as alleged and requested in his petition.

## DISCUSSION

The Petitioner has filed this petition seeking "judicial review" of a final decision of the CSC, and has cited to 4 GCA § 4406, which states in relevant parts:

> An employee in the classified service who is dismissed, demoted or suspended shall be given immediate notice of the action, . . . .The employee within twenty (20) days of effective date of the action, may appeal to the Commission or appropriate entity by filing that person's written answer to the charges against the employee, . . . .The Commission or appropriate entity shall then set the matter for hearing as expeditiously as possible. . . .The Commission or appropriate entity may sustain, modify or revoke the action taken. The decision of the Commission or appropriate entity shall be final, but subject to judicial review.

4 GCA § 4406 (2012).

In Carlson v. Perez, 2007 Guam 6, the Supreme Court of Guam found that a "Petition for Judicial Review" filed under this statute is the proper vehicle to invoke the Superior Court's review powers where a petitioner specifically challenges a final decision by the CSC. Id. at ¶ 65. The Supreme Court mandated that "where an agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." Id., at ¶ 59. This is the maxim that directs the Court, and controls this decision and all decisions regarding writs of review. The Supreme Court's rule is not merely a platitude. Nevertheless, the Petitioner seems to have overlooked this basic principle in filing this petition. Specifically, the Petitioner has failed to distinguish between different types of "agency action" and "specific legislation" which "govern how one is to seek judicial review of that agency's action." Id.

Sections 31101, et seq. of Title 7 establish the Writ of Review and allow a judge of the Superior Court to issue the writ directing an inferior tribunal to provide transcripts of the

proceedings before the lower tribunal to the Superior Court of Guam so that the Superior Court may conduct an examination of the record to determine whether the inferior tribunal has "regularly pursued" its authority, 7 GCA § 31109, or has "exceed[ed] its jurisdiction." 7 GCA 31102.

The Carlson court considered the statutory scheme governing review of a CSC decision as well as prior case law relating to appeals of agency personnel decisions and ultimately determined that a party appealing a determination by the CSC must file a "Petition for Judicial Review" rather than requesting review through a writ of mandamus, due to the distinct types of relief afforded by mandamus and review. Id. at ¶ 65.

A petition for a writ of review is functionally undifferentiated from a Petition for Judicial Review, and there is no case law or authority distinguishing between a writ granting "judicial review" and writ granting "review" by the Superior Court of Guam pursuant to 7 GCA § 31101. et. seq. More significantly, as noted by the Carlson court, 4 GCA § 4406 and the CSC Rules of Procedure for Adverse Action Appeals are conspicuously silent regarding the procedure for filing a petition for judicial review to the Superior Court of Guam. Id. at ¶ 61. The CSC Rules of Procedure for Adverse Action Appeals contain no provisions addressing the procedure for filing such a petition. The rules merely state, "[j]udicial review of the judgment of the CSC may be had by filing appropriate pleadings with the Superior Court of Guam within thirty (30) days after the last day on which reconsideration can be granted." CSC RPAAA Rule 11.7.8. The term "appropriate pleadings" is not defined.

Neither the legislation providing for appeal of a CSC decision, 4 GCA § 4406, nor the internal CSC regulations provide any procedural guidelines for appealing the CSC's decision to the Superior Court of Guam by filing a Petition for Judicial Review.

Because there is no established procedure for the filing and determination of a Petition for Judicial Review, this Court has previously found that the procedural and substantive statutes governing the Writ of Review under 7 GCA § 31101, *et. seq.*, are applicable to a petition requesting issuance of a Writ of Judicial Review. Title 7, Section 7117 of the Guam Code declares that whenever the law grants a court jurisdiction over a controversy, the law also grants all the means necessary to carry it into effect:

> [A]nd in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117 (2011).

The Supreme Court of Guam and the Appellate Division of Guam have interpreted this provision as allowing the court to articulate procedures in "judicial review" cases from the CSC, where the statute and agency regulations are silent. *See* Carlson, 2006 Guam 7 ¶ 62; and Tyndzik v. Guerrero, Docket Nos. CV 92 00023A & CV 92 00031A, 1992 WL 245889, *1 (D. Guam App. Div. Sept. 11, 1992). 4 GCA § 4406 grants the Superior Court of Guam jurisdiction over the review of a final decision of the CSC, however, this statute does not provide the procedure for obtaining such review. Because no procedure for filing a petition seeking judicial review is set forth by 4 GCA § 4406 or the CSC Rules of Procedure for Adverse Action Appeals, under Carlson and 7 GCA § 7117, the Court is required to adopt a suitable procedure for review. The general procedure for obtaining review of a final decision of an inferior tribunal by the Superior Court of Guam is set forth in 7 GCA § 31101, *et. seq.* The CSC Commission is an inferior tribunal under 4 GCA §§ 4403 and 4406. As no specific procedure for Petitions for Judicial Review has yet been adopted, the Court adopts and applies the general procedure for obtaining writ review by the Superior Court under 7 GCA § 31101, *et. seq.*

Because the Court finds that the "writ of review" procedures under 7 GCA § 31101, *et. seq.* govern the method and scope of review of a final decision of the CSC, the Petitioner's request for review of the CSC's final decision in order to determine whether the decision was "substantially supported by the facts of this case" is erroneous. Rosario v. Civil Service Commission, et. al., Special Proceedings Case No. SP0148-11, Petition for Judicial Review, p. 3, lines 9—10. The Petitioner has filed a petition which confuses the method of obtaining judicial review of a decision of the CSC. The Petitioner fails to recognize that review of the decision or actions of different agencies, including final decisions of the CSC, is governed by distinct statutes and standards for each. *See* Carlson, 2007 Guam 6 ¶¶ 59–60.

Not all types of review are created equal. "Judicial review" by the Superior Court of a decision of the CSC is "*an appeal* of a CSC decision." Id. at ¶ 65; also ¶¶ 67, 68, and 71 (emphasis added). When the Superior Court contemplates review of a decision of the CSC, it is sitting as an appellate court. Just as there are different standards of review which are utilized by the Supreme Court of Guam on appeal, so are there different standards of review when the Superior Court of Guam considers an appeal.

Sections 31101, *et seq.* of Title 7, regarding the issuance of writs of review are procedurally and substantively determinative of the manner in which a writ of "judicial review" may be issued, and are limited in scope. In particular, the relief provided by a writ of review or judicial review merely allows a judge of the Superior Court to issue a writ directing an inferior tribunal to provide transcripts of the proceedings before the lower tribunal to the Superior Court of Guam in order that the Superior Court may conduct an examination of the record to determine whether the inferior tribunal has exceeded its authority. 7 GCA §§ 31104 and 31105 ("The writ of review must command the party . . .to certify fully to the court . . .a transcript of

the record and proceedings . . . ."). "The *review upon this writ cannot be extended further* than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." 7 GCA § 31108 (emphasis added).

The Supreme Court of Guam has consistently found that the relief afforded by a writ of mandamus is distinct from the relief afforded by a writ of review/writ of judicial review. Recently, in comparing the two modes of "review," it stated, "Guam's Code of Civil Procedure distinguishes writs of mandate and writs of review." DCK Pacific Guam, LLC v. Morrison, 2010 Guam 16 ¶ 10. In analyzing these differences, the Supreme Court of Guam concluded, "[t]he formal title of the writ, therefore, is not determinative of its propriety as much as its contents and the prayer for relief." Id. at ¶ 14.

The Court finds that the Petitioner is actually requesting review of the factual determination of the CSC by the Superior Court through a writ of mandate pursuant to 5 GCA § 9241 of the Administrative Adjudication Law. This statute states:

> Judicial review may be had by filing a petition in the Superior Court for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as provided in this Section any petition shall be filed within thirty (30) days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. Within thirty (30) days after request therefor and payment of the expenses of preparation and certification by the petition, the agency shall prepare and deliver to the petitioner the complete record of the proceedings or such parts of the record as are designated by the petitioner. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decisions by the hearing officer, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case. Where petitioner, within ten (10) days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record, the time within which a petition may be filed may be extended until five (5) days after its delivery to him. The agency may file with the court the original of any document in the record in lieu of a copy.

5 GCA § 9241 (2012).

The preceding section of the code states that this method of review by mandamus is available only for direct review of certain agency decisions, stating, "[j]udicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law *or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.*" 5 GCA § 9240 (2012) (emphasis added).

After an analysis of these rules and statutes, it appears that the type of "review" sought by the Petitioner is not available under the facts of his petition. "[T]he court is not constrained by the formal denomination of a writ in determining what procedures and remedies to actually invoke, but rather is guided by the contents of the petition and the particular relief sought." DCK Pacific Guam, 2010 Guam 16 ¶ 15 (citing Carlson, 2007 Guam 6 ¶ 67 n. 24; and Allen v. Humboldt County Bd. of Supervisors, 220 Cal.App.2d 877, 882 (Cal.Ct.App.1963) ("Such use of the writ of mandate to review administrative action invokes the remedy of 'administrative mandamus' ... rather than the traditional action in mandamus").

Although de-nominated as a "Petition for Judicial Review," the Petitioner's actual prayer is that the Superior Court of Guam will find that the CSC's decision "was not substantially supported by the facts of this case" and thereupon "[t]hat the Petitioner be reinstated to his former position with the Guam Waterworks Authority and be awarded back pay and benefits; ...." Rosario, Special Proceedings Case No. SP0148-11, Petition, p. 3, lines 9-11. In an "administrative mandamus" review proceeding under 5 GCA § 9241, the Superior Court of Guam may grant exactly this type of relief, and is empowered to determine whether an agency action was "not supported by substantial evidence," and may then "order the agency to take action according to law or the evidence." 5 GCA § 9240. Under a writ of "judicial review," the Court does not have the power to directly order an agency to take a particular

action, but may only "give judgment affirming or annulling, or modifying the proceedings below." 7 GCA § 31109; *see also* <u>Carlson</u>, 2007 Guam 6 ¶67 ("Instead of pursuing an appeal of the CSC decision, Carlson and Sasai sought a writ of mandamus *ordering GEDCA to reinstate them to their positions.*") (emphasis added). In judicial review proceedings, the judgment is directed only to the CSC, as the inferior tribunal, and not to the agency who originally took the action. 7 GCA §§ 31109 and 31110.

Further differentiating "judicial review" from mandamus review, under 5 GCA §§ 9240 and 9241 the Superior Court may review all portions of the "complete record," including "the pleadings, all notices and orders issued by the agency, any proposed decisions by the hearing officer, the final decision, a transcript of all proceedings, *the exhibits admitted or rejected, the written evidence and any other papers in the case.*" 5 GCA § 9241 (emphasis added). A writ of "judicial review" allows the reviewing court to review "*a transcript* of the record and proceedings," but does not include the evidence or exhibits which have been admitted or rejected. 7 GCA §§ 31105 and 31104.

The process of "administrative mandamus" as afforded under 5 GCA §§ 9240 and 9241 is distinct from the process provided by "judicial review" under 4 GCA § 4406 and 7 GCA §§31101 *et. seq.*; otherwise, the <u>Carlson</u> decision would not exist, and would serve no purpose. <u>Carlson</u>, 2007 Guam 6 ¶¶ 58, 60, 65 and 66 (holding that the proper way for classified employees of the government of Guam or any of its instrumentalities, corporations, or agencies to use the right of judicial review of CSC decisions is by filing a "Petition for Judicial Review," not a writ of mandamus under 5 GCA § 9241 of Guam's Administrative Adjudication Law.)

The contents of the petition clearly show that the Petitioner is actually seeking "administrative mandamus" as governed by 5 GCA §§ 9240 and 9241, which would allow the

Superior Court to review the entire record and all evidence submitted or rejected by the lower tribunal, and to issue orders directly to the underlying agency, Guam Waterworks Authority, to reinstate him to his former position. However, "the CSC's enabling legislation dictates the procedures for seeking review of its decisions." DCK., at ¶ 15 (citing Carlson, 2007 Guam 6 ¶¶ 60 and 65 (holding that the proper way for classified employees of the government of Guam or any of its instrumentalities, corporations, or agencies to use the right of judicial review of CSC decisions is by filing a "Petition for Judicial Review," rather than mandamus under 5 GCA § 9241); also citing 4 GCA §§ 4105(b), 4403(b), and 4406 (2005)). Under Carlson, "administrative mandamus," including a full evidentiary review of the entirety of the proposed and accepted evidence before the CSC and the issuance of orders of mandate directly to the underlying agency, is not available. Rather, the Court is limited to determining "whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer," 7 GCA §§ 31108 and 31102, and is further limited to affirming, annulling or modifying only the judgment of the CSC. 7 GCA § 31109.

It is not within the purview of this Court, pursuant to Carlson, 4 GCA §4406, and 7 GCA §§ 31101 et. seq., to undertake a factual review of all the evidence provided to the CSC, and thereupon to "re-weigh" the evidence. Such a review would, in essence, constitute a de novo appellate review. The singular purpose of the Carlson decision was to limit the Superior Court to "judicial review" of CSC decisions, rather than "administrative mandamus" as provided under 5 GCA § 9241. The Superior Court is limited to determining only whether the tribunal acted in excess of its authority.

When the Superior Court reviews an agency decision under 5 GCA §§ 9240 and 9241, using "administrative mandamus," the agency decision is accorded no weight, as the Court may

review any and all matters of law and fact under the statutes, and may make new conclusions of fact or law based thereon. Carlson's rejection of the use of "administrative mandamus" to review decisions of the CSC suggests that some deference is owed to the final decisions of the CSC, as it regularly functions as a tribunal, in contrast to the agencies generally subject to 5 GCA § 9241. Therefore, it seems that for decisions of the CSC, the review of the Superior Court should be limited to a lesser standard of review, more akin to an "abuse of discretion" type appellate review, rather than the *de novo* review provided under 5 GCA § 9241.

The Petitioner has cited this Court to no authority which would support the allegations that this Court has the authority to review the decision of the CSC for "factual sufficiency," or to re-examine evidence and make new factual conclusions in a "judicial review" proceeding under 4 GCA § 4406, CSC RPAAA Rule 11.7.8, and 7 GCA §§ 31101 *et. seq.* More importantly, nowhere within the petition filed is there a complaint that the CSC failed to follow its own rules, or acted in excess of its authority. Nor is there a request that the Court review the decision of the CSC to determine that the CSC acted outside the scope of the authority granted to it by its own rules. Petitioner's only complaint is that he is unhappy with the factual conclusion reached by the CSC after considering the evidence admitted. As in the Carlson case, the contents of the petition before this Court "did not complain of action taken by the CSC [in excess of] the CSC's authority and cannot be taken as [a] petition for judicial review because that is not what was sought." Carlson, 2007 Guam 6 ¶ 67. Petitioner further does not request that the Court uphold or reverse the decision of the Respondent CSC, but instead, that the Court directly issue orders to the Real Party in Interest, GWA, for reinstatement and back pay. This relief would be permitted through "administrative mandamus" under 5 GCA § 9241, but is inconsistent with judicial review under 7 GCA §§ 31101, *et. seq.*

Because the petition does not request the Court to determine whether the CSC's proceedings were lawfully conducted within its jurisdiction, and does not complain that any action taken by the CSC was in violation of any of its own rules, rather, it merely requests that the Court conduct its own evaluation of the evidence presented and thereupon directly order GWA to reinstate him with back pay, the Petitioner is requesting "administrative mandamus" which is not available to him in a "Petition for Judicial Review." Consequently, the Court DENIES the particular review and relief requested. Had the Petition: (1) alleged that the CSC incorrectly applied its own rules, or made errors of law, rather than errors of fact, and thereby exceeded its authority; and (2) requested modification, annulment, or reversal or remand of the decision of the CSC in order to comply with its own rules; this petition would have been appropriately construed as a petition which properly requests judicial review, rather than "administrative mandamus."

## CONCLUSION

After considering the petition, the Court finds that it lacks authority to conduct the *de novo* factual review requested in the de-nominated "Petition for Judicial Review." Based upon the foregoing, the evidentiary review and specific relief requested by the Petitioner is DENIED, and the case is DISMISSED.

**IT IS SO ORDERED** this ___MAR 2 1 2012___.



_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam